UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 11 CR 667-4 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ROBERT HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Robert Hill pleaded guilty to conspiracy to possess and distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) & 1846 and 18 U.S.C. § 2. Docs. 336-337. He asked the court to impose a custodial sentence below the ten-year statutory minimum to account for the 27-month sentence he had completed for a closely related state drug offense. The trouble with Hill's request was 18 U.S.C. § 3584, which under binding circuit precedent allows a court to make a federal sentence concurrent with a state sentence—or to adjust a federal sentence to account for time already served on a state sentence—only if the state sentence is wholly or partially undischarged, meaning only if the state sentence has not yet been fully served. Because Hill had been released from state prison at the time he was sentenced in this case, § 3584 prohibited this court from either running the federal sentence concurrently with the state sentence or adjusting the federal sentence below the ten-year minimum term to account for the 27 months he had served in state custody. Thus, § 3584 required this court to impose (at least) a ten-year federal sentence on top of the 27-month state sentence; if Hill's state sentence had not been completed at the time of the federal sentencing, § 3584 would have allowed the court to take account of the time he had

1

served in state custody and adjust the federal sentence to below the ten-year minimum, resulting in his serving a total of ten years in prison rather than ten years plus 27 months.

Hill argued that § 3584's distinction between undischarged and discharged prior sentences as applied to his case violates the Due Process Clause of the Fifth Amendment as understood by *Chapman v. United States*, 500 U.S. 453 (1991), which holds that due process prohibits arbitrary sentencing distinctions. At the sentencing hearing, the court agreed with Hill and—in light of the 27 months that he had served in state prison, and because an aggregate sentence of longer than ten years would be more than necessary under 18 U.S.C. § 3553(a)— imposed a 93-month federal sentence, for an effective aggregate sentence of ten years (27 months plus 93 months). Doc. 400. The court presented its reasons orally on the record, and now writes to memorialize and refine its rationale.

**Background**

On September 17, 2007, Hill was arrested for possession of a controlled substance. Doc. 346 at 12. He pleaded guilty in Illinois state court on May 13, 2009. *Ibid*. He served approximately 27 months in state custody and was released on July 5, 2011. *Ibid*.

On October 3, 2011, three months after his release from state custody, Hill was arrested on federal drug charges. *Id*. at 4. The federal charges arose from the same conduct underlying the state conviction; in fact, Hill did not sustain any criminal history points for the state conviction because it is related to the federal conviction. Doc. 337 at 2-3; Doc. 346 at 12. Hill pleaded guilty. Docs. 336-337. The statutory minimum sentence is ten years. Doc. 337 at 4.

Section 3584 governs the imposition of multiple sentences of imprisonment. Subsection (a) outlines the procedure for imposing sentences of concurrent or consecutive terms:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already

> subject to an *undischarged* term of imprisonment, the terms may run
> concurrently or consecutively …. Multiple terms of imprisonment imposed at
> the same time run concurrently unless the court orders or the statute mandates
> that the terms are to run consecutively. Multiple terms of imprisonment
> imposed at different times run consecutively unless the court orders that the
> terms are to run concurrently.

18 U.S.C. § 3584(a) (emphasis added). Section 3584 does not include any provision allowing the court to run a newly imposed federal sentence concurrently with a *discharged* sentence, or for the sentencing judge to adjust a newly imposed federal sentence to account for a fully discharged prior sentence.

Following sentencing hearings on July 6, 2015 and January 12, 2016, Docs. 387, 399, the court sentenced Hill to 93 months' imprisonment, reasoning that a 93-month sentence, when coupled with his discharged 27-month state sentence, effectively sentenced him to the federal statutory minimum term of ten years, which the court deemed the appropriate sentence under 18 U.S.C. § 3553(a). Doc. 400. In so ruling, the court held that § 3584's distinction between discharged and undischarged prior sentences violates due process as applied to this case.

## Discussion

As interpreted by the Seventh Circuit, § 3584 prohibited the court from imposing a sentence below the ten-year minimum to account for Hill's 27 months in state custody because the state sentence was discharged by the time Hill was sentenced in this case. The question here is whether this aspect of § 3584 comports with due process.

The Fifth Amendment provides that "[n]o person shall be … deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In criminal sentencing, "a person who has been … convicted is eligible for, and the court may impose, whatever punishment is authorized by a statute for his offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process

3

Clause of the Fifth Amendment." *Chapman*, 500 U.S. at 465 (alteration and citations omitted). Because "an argument based on equal protection essentially duplicates an argument based on due process," *Chapman*, 500 U.S. at 465, Hill bears the burden of "eliminat[ing] any reasonably conceivable state of facts that could provide a rational basis for the" sentencing disparity effected by § 3584 between federal prisoners whose prior prison terms are discharged and those whose prior terms are not discharged. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (internal quotation marks omitted). "Under this standard, the statute will be upheld if there is a rational relationship between the disparity of treatment" between these categories of prisoners and "*some* legitimate governmental purpose." *United States v. Brucker*, 646 F.3d 1012, 1017 (7th Cir. 2011) (internal quotation marks omitted). The court is mindful that rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Baskin v. Bogan*, 766 F.3d 648, 654 (7th Cir. 2014) (quoting *FCC v. Beach Commc'ns*, 508 U.S. 307, 313 (1993)). Rather, a sentencing statute fails rational basis review only if the defendant can "negative every conceivable basis which might support" it. *Ind. Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015) (quoting *Beach Commc'ns*, 508 U.S. at 320-21).

As noted, § 3584(a) applies to defendants facing "multiple terms of imprisonment" or "already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a). This is so even if the defendant is subject to a mandatory minimum term under federal law. The point is illustrated by *United States v. Ross*, 219 F.3d 592 (7th Cir. 2000), where a federal defendant faced with a fifteen-year mandatory minimum asked the court to take into account the 34 months he had already served on an undischarged state sentence for related conduct. *Id*. at 594. The Seventh Circuit held that the district court had that authority: "The computation of the total term

4

of imprisonment for purposes of [the fifteen-year mandatory minimum] may, consistently with Application Note 2 to [U.S.S.G.] § 5G1.3, be accomplished by adding up the number of months the defendant has served on the related conviction and the number of months assessed in the federal judgment. The total must equal or exceed the statutory mandatory minimum of 180 months." *Id*. at 595. That is, the district court was permitted to impose a federal sentence as low as 146 months, as 146 months plus the 34 months that the defendant had already served in state custody would add up to 180 months. *Id*. at 594-95. As the Seventh Circuit later observed:

> The adjustment in *Ross* for the portion of the state sentence that the defendant had already served was necessary to avoid a situation in which the happenstance of how much of the prior sentence has been served when the federal sentence is imposed would determine the length of the defendant's imprisonment. Suppose the federal statutory minimum were 10 years … and one defendant had served 1 year of a related state sentence and another defendant 9 years. Without an adjustment the total length of imprisonment of the first defendant would be 19 years and of the second defendant 11 years; to make each defendant serve total prison time of 10 years (supposing the sentencing judge thought them equally deserving of that amount of time), the first defendant would require a 9-year reduction and the second defendant a 1-year reduction.

*United States v. Cruz*, 595 F.3d 744, 746 (7th Cir. 2010).

The Seventh Circuit has explained that the statutory authority to make such adjustments arises from § 3584, which "gives a sentencing court the discretion to impose a concurrent sentence, taking into consideration the factors set forth in [18 U.S.C.] § 3553(a)." *United States v. Campbell*, 617 F.3d 958, 961 (7th Cir. 2010); *see also Cruz*, 595 F.3d at 747 ("Both decisions on which *Ross* relied for its approach had in turn relied on the fact that in 18 U.S.C. § 3584(b) Congress had directed sentencing judges, in deciding whether to impose a concurrent or consecutive sentence, to consider the sentencing factors in 18 U.S.C. § 3553(a), which in turn incorporated the Sentencing Commission's guidelines and policy statements … including therefore section 5G1.3(b) of the guidelines, the section on which we had relied in *Ross*."). And

5

the Seventh Circuit has consistently reaffirmed the district court's authority to adjust federal sentences below the mandatory minimum where the defendant is still serving an undischarged state sentence. *See United States v. Hernandez*, 620 F.3d 822, 824 (7th Cir. 2010) (holding that a district court could impose a federal sentence below the ten-year statutory minimum to account for the eighteen months that the defendant had already served on an undischarged state sentence); *Campbell*, 617 F.3d at 959 (vacating a sentence and remanding for resentencing where the district court did not adjust a fifteen-year mandatory minimum sentence in light of the nine months that the defendant had already served on an undischarged state sentence).

For federal defendants like Hill with prior *discharged* sentences, matters are different. "[B]ecause there is no concurrent sentence and cannot be one when the defendant is no longer 'subject to an undischarged term of imprisonment,'" § 3584 does not allow the federal sentence to run concurrently with the discharged state sentence. *Cruz*, 595 F.3d at 747 (quoting 18 U.S.C. § 3584(a)); *see also United States v. Evans*, 553 F. App'x 645, 646 (7th Cir. 2014) ("Evans finished serving his state sentence before receiving his federal sentence, so there was no state sentence with which to make his federal sentence concurrent."). Still, the statutory prohibition against running a federal term concurrently with an already discharged state term does not, with an important exception addressed below, prevent the court from taking the discharged term into account when imposing the federal sentence. As Guidelines § 5K2.23 explains:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5K2.23. Section 5G1.3(b), the guideline applied in *Campbell* and a close relative of the one applied in *Ross*, provides in turn that where

> a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction …, the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b). Thus, even if a concurrent sentence is formally unavailable because the prior sentence for a related crime has been discharged, the court may adjust the federal sentence to account for the time served on the prior sentence. *See United States v. Pietkiewicz*, 712 F.3d 1057, 1059-60 (7th Cir. 2013) (vacating a sentence and remanding for resentencing because the district court did not explain its refusal to give a six-month downward variance to account for time served); *United States v. Parrilla*, 369 F. App'x 733, 735 (7th Cir. 2010) ("The guidelines imprisonment range was 97 to 121 months, but, in selecting a term of 59 months … the district court gave Parrilla 38 months' credit for time served on a discharged federal sentence in a related case."); *United States v. Hilario*, 449 F.3d 500, 501 (2d Cir. 2006) (noting that "the district court departed downward by twenty-six months, the length of Hilario's imprisonment in Belgium, pursuant to" § 5K2.23).

But a § 5K2.23 adjustment to account for a *discharged* sentence cannot—at least as a statutory matter under § 3584—bring a federal sentence below the mandatory minimum. The point is illustrated by *United States v. Cruz*, *supra*. Cruz was convicted of a drug conspiracy charge that carried a ten-year minimum term. 595 F.3d at 745. Like Hill, Cruz at the time of his federal sentencing had already completed a state sentence (18 months) for a state drug offense that was relevant conduct in the federal prosecution, and he argued under *Ross* that "the 18

months he served in state prison should be deducted from his 10-year federal sentence." *Ibid*. The Seventh Circuit rejected Cruz's argument:

> If while Cruz still had 18 months to serve on his state sentence he had been sentenced on the federal charge, the district judge could have made the federal sentence run concurrently with the state sentence rather than begin when he completed that sentence. And then instead of facing imprisonment for a total of 10 years and 18 months he would be facing imprisonment for only 10 years. But since he finished serving his state sentence when he received the federal sentence, there was no sentence to make his federal sentence concurrent with. What he is seeking is not a concurrent sentence but a sentencing reduction on account of a sentence previously served.

*Ibid*. As for Cruz's request for a sentencing adjustment under § 5K2.23, the Seventh Circuit distinguished *Ross*—which, recall, involved a prior, *undischarged* state sentence—on the ground that "a *discharged* sentence may not be used to reduce a statutory minimum sentence" and that "[t]he result in *Ross* was tied to the undischarged character of the state sentence …." *Id*. at 746 (emphasis added). As the Seventh Circuit later explained, *Cruz* "holds that, although a sentencing court may reduce a defendant's sentence based on time a defendant has served on a related, discharged prison sentence, *see* U.S.S.G. § 5K2.23, the court may not in so doing reduce the later sentence below a statutory minimum." *Parrilla*, 369 F. App'x at 736; *see Cruz*, 595 F.3d at 746 ("[A] statutory minimum blocks a downward departure [or variance] that carries the sentence below the minimum.").

*Cruz* appears to express regret about its holding: "The approach that we took in *Ross* eliminated an arbitrary feature of concurrent sentencing. But, perhaps unfortunately, the approach is not available in the present case, because there is no concurrent sentence and cannot be one when the defendant is no longer 'subject to an undischarged term of imprisonment.'" *Cruz*, 595 F.3d at 747 (quoting 18 U.S.C. § 3584(a)). The defendant in *Cruz* did not present a due process or any other constitutional challenge to § 3584's distinction between discharged and undischarged prior sentences. Nor did the defendant in *United States v. Blackwell*, 49 F.3d 1232

8

(7th Cir. 1995), who had fully served a fourteen-month state sentence before his federal sentencing for related conduct and sought a fourteen-month credit under § 5G1.3. *Id*. at 1240-41. In affirming the district court's rejection of the adjustment, the Seventh Circuit observed that such adjustments are available to "defendants [who at the time of sentencing] were serving undischarged sentences" and that "distinguishing between two defendants merely by virtue of their sentencing dates appears contrary to the Guidelines goal of eliminating unwarranted sentencing disparities." *Id*. at 1242 (internal quotation marks omitted). And significantly for this case, the Seventh Circuit added: "Indeed, it perhaps could be argued that applying the guideline [§ 5G1.3] to undischarged sentences but not to discharged sentences lacks a rational basis and therefore violates the Constitution. [The defendant], however, has not made that argument here." *Id*. at 1242 n.20.

Hill *has* made that argument with respect to § 3584, and his argument is persuasive, for the distinction the statute draws between discharged and undischarged prior sentences under the circumstances of this case creates disparities that are wholly irrational. Had Hill's federal sentencing occurred at any point after his arrest in 2007 through July 4, 2011, the day his state custody ended, § 3584 would have given the court the discretion to adjust the federal sentence below the ten-year minimum to account for Hill's state time. For example, if this court had sentenced Hill in May 2011, when he had already served 24 months in state custody, § 3584 would have permitted the court to impose a 96-month federal sentence concurrent with the state sentence, with the two sentences together accounting for the ten-year minimum. *See Hernandez*, 620 F.3d at 823-24; *Campbell*, 617 F.3d at 961; *Ross*, 219 F.3d at 594-95. But because Hill's sentencing occurred after his release from state custody, § 3584 requires that he serve at least 147 months, his 27-month state sentence plus the ten-year federal minimum. *See*

9

*Cruz*, 595 F.3d at 745-46. "[P]rosecutors have wide discretion over whether, how, and when to bring a case," *United States v. Segal*, 495 F.3d 826, 833 (7th Cir. 2007); *see also United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015) (same), and the timing of the Government's indictment here was not inappropriate. Yet it is simply a fact that because of the timing of the federal prosecution, § 3584 mandates that Hill serve 27 more months in custody than he would have if federal prosecutors had brought the case earlier.

No rational basis for this distinction exists. As just noted, *Blackwell* observed two decades ago that "distinguishing between two defendants merely by virtue of their sentencing dates appears contrary to the Guidelines goal of eliminating unwanted sentencing disparities," 49 F.3d at 1242, and *Cruz* observed more recently that "[t]he adjustment … for the portion of the state sentence that the defendant had already served was necessary to avoid a situation in which the happenstance of how much of the prior sentence has been served when the federal sentence is imposed would determine the length of the defendant's imprisonment," 595 F.3d at 746. For a defendant in Hill's situation, § 3584 creates a situation where mere happenstance determines whether the court has the discretion to impose a federal sentence below the statutory minimum to account for his time in state custody. That "arbitrary distinction" lacks plausible justification and therefore violates due process. *Chapman*, 500 U.S. at 465.

The Government cites two federal appellate decisions that have rejected similar constitutional challenges to § 3584. Doc. 393 at 8-11. Those decisions are unpersuasive.

Like the Seventh Circuit in *Cruz*, the Second Circuit in *United States v. Lucas*, 745 F.3d 626 (2d Cir. 2014) (per curiam), recognized that "[n]othing in [§ 3584] authorizes the district court to extend the benefit of a concurrent sentence to a third category of defendants, those who have previously served sentences, now completed, for related crimes." *Id*. at 629. And, like

Hill, the defendant in *Lucas* challenged that distinction on constitutional grounds. The Second

Circuit summarily disposed of that challenge as follows:

> [I]n order to prevail on this claim, Lucas must overcome the challenged classification's strong presumption of validity by rebutting every conceivable basis which might support it. Lucas has not met this considerable burden. While Lucas has suggested that his individual circumstances do not present the same concerns that might have motivated Congress to distinguish between discharged and undischarged sentences, he fails to demonstrate that there are no plausible reasons for Congress to have drawn the distinction at issue.

*Id*. at 630-31 (alteration, footnote, and internal quotation marks omitted). But *Lucas* does not

indicate how the defendant argued the point or what his "individual circumstances" were. Nor

does *Lucas* suggest what the "plausible reason[]" for the statutory distinction might be.

In a footnote, *see id*. at 630 n.7, *Lucas* cites two prior decisions: *United States v.

Dunham*, 295 F.3d 605, 611 (6th Cir. 2002), and *United States v. Otto*, 176 F.3d 416, 418 (8th

Cir. 1999). *Otto* is the second federal appellate opinion cited by the Government here. The

defendant in *Otto* had served a state prison term prior to his federal sentencing for bank fraud,

and pressed a constitutional challenge to § 5G1.3(b) (the Guidelines were mandatory at that

point) materially identical to Hill's challenge to § 3584. *Id*. at 417-18. The Eighth Circuit

rejected the challenge:

> With undischarged sentences, there remains uncertainty as to the amount of time a defendant will actually serve. For example, a defendant could be paroled, placed on probation after serving some period of shock detention, given credit off a sentence for good behavior, or have the sentence vacated. There are no such contingencies in regard to a discharged sentence and it is rational to treat the two differently. Thus, because there is a rational basis for treating the two differently, there is no denial of due process by virtue of U.S.S.G. § 5G1.3(b) mandating credit for undischarged sentences but not discharged sentences.

*Id*. at 418; *but cf. United States v. O'Hagan*, 139 F.3d 641, 657-58 (8th Cir. 1998) ("The

[Sentencing] Commission may have never considered that a defendant would already have

completed a sentence for the same conduct underlying his conviction prior to sentencing.

11

Had they done so, a simple sentence could have been included prohibiting credit for expired sentences. We find nothing in the text or commentary of the 1987 version of the Guidelines to suggest that the Commission rejected the idea of giving credit for expired sentences. In fact, we find the opposite. The commentary to the 1987 version of § 5G1.3 provides that '[d]eparture would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines.'") (quoting U.S.S.G. § 5G1.3 cmt. (1987)) (citing *Blackwell*, 49 F.3d at 1241). The Government in this case contends that this passage from *Otto* demonstrates that "[c]ertainty in the administration and calculation of sentences is a rational basis for the distinction between undischarged and discharged terms of imprisonment." Doc. 393 at 10.

This court agrees that certainty is a virtue, but nonetheless respectfully disagrees with *Otto*. It is true that undischarged sentences have "contingencies" while discharged sentences do not, but that difference does not even remotely justify the distinction that § 3584 draws between the two types of sentences. When imposing Hill's federal sentence, this court knew *precisely* how much time Hill would serve in the state system, because he had already served it. The court thus was able to tailor the federal sentence to ensure that Hill's aggregate sentence met or exceeded the ten-year statutory minimum. Precisely the same is true of defendants with undischarged state sentences; the court can account for the time the defendant has already served in state custody to ensure that the aggregate sentence meets or exceeds the federal statutory minimum, and then provide that the federal sentence shall run concurrently with the state sentence. There is thus no rational basis for distinguishing between the two situations; contrary to *Otto*'s submission, both allow for an equal measure of certainty.

*Dunham*, the other federal appellate opinion cited by *Lucas* though not by the Government, is unpersuasive as well. *Dunham* holds in relevant part:

> We find that there is a reasonable justification for U.S.S.G. § 5G1.3(b)'s distinction between discharged and undischarged state sentences. That distinction ensures that if two defendants who are convicted of identical state law crimes are subsequently convicted on a federal charge for the same conduct that formed the factual basis of their state convictions, then those two defendants will serve an equal term of imprisonment upon their federal conviction, regardless of whether their state sentence had been fully discharged. If, as [the defendant] advocates, U.S.S.G. § 5G1.3(b) did not make this distinction and credited defendants for time served on discharged as well as undischarged state sentences, then a defendant with a previously discharged state sentence would serve a shorter term of imprisonment upon his subsequent federal conviction than would a defendant with an undischarged state sentence. U.S.S.G. § 5G1.3(b) serves to prevent this potential inequity. Because there is a rational basis for U.S.S.G. § 5G1.3(b)'s distinction between discharged and undischarged state sentences, we reject [the defendant's] equal protection argument.

295 F.3d at 611; *cf. United States v. White*, 617 F. App'x 545, 552 (6th Cir. 2015) (declining to overrule *Dunham* because one Sixth Circuit panel "may not overrule a previous panel's decision") (internal quotation marks omitted). *Dunham* falls short because it focuses exclusively on the federal sentence as opposed to the aggregate state and federal sentence. If the distinction between discharged and undischarged sentences were eliminated in cases like this one, a federal defendant subject to a ten-year statutory minimum with a fully discharged two-year state sentence could receive a federal sentence as low as eight years, while the same defendant with only one year served on an undischarged two-year state sentence could receive a federal sentence as low as nine years. Yes, the first defendant's federal sentence could be one year less than the second defendant's federal sentence, but their aggregate minimum sentences would be the same—ten years—and there is nothing inequitable about that.

Other than citing and relying on the rationales of *Lucas* and *Otto*, the Government makes no arguments supporting the constitutionality of § 3584.

13

**Conclusion**

For the foregoing reasons, the court holds that § 3584's distinction between discharged and undischarged sentences, when applied to a defendant like Hill who is subject to a federal statutory minimum sentence and who has served a discharged state sentence for relevant conduct, is an arbitrary distinction that violates the Fifth Amendment's due process guarantee. Accordingly, § 3584 does not deprive the court of the discretion to impose a federal sentence under the statutory minimum where that sentence, plus the time served in state custody, equals or exceeds the statutory minimum. And because an aggregate sentence of over ten years for the criminal conduct underlying Hill's federal and state convictions would be more than necessary within the meaning of and considering all of the factors set forth in 18 U.S.C. § 3553(a), the court sentenced Hill to 93 months' imprisonment, which together with his 27 months in state custody results in a ten-year aggregate sentence.

May 20, 2016

United States District Judge